### McDONALD v. McDONALD et al.

(District Court, D. Oregon. March 24, 1913.)

No. 5,803.

QUIETING TITLE (§ 38*)—SUIT TO REMOVE CLOUD—DISCLAIMER—ANSWER.

Where, in a suit to remove a cloud on title, defendant S. was charged with having conspired and confederated with the other defendants to create the cloud sought to be removed and which prevented the quieting of title in complainant, S. was not entitled to answer merely by disclaiming any interest, right, or title in or to the lands, but, in addition, was required to answer the bill so as to determine the fact as to the alleged conspiracy to defraud.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 79; Dec. Dig. § 38.*]

In Equity. Action by Mary J. L. McDonald against M. J. McDonald and others. On motion to strike the disclaimer of defendant Henry Sengstacken from the files. Granted.

Platt & Platt, of Portland, Or., for complainant.
Cassius R. Peck and Arthur K. Peck, both of Marshfield, Or., for defendants.

WOLVERTON, District Judge. This is a motion to strike out the answer of the defendant Henry Sengstacken, interposed herein to the complaint, disclaiming any interest, right, or title in or to the lands which are the subject of the suit. The motion has been submitted

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon briefs of counsel, without argument, and the question presented is whether Sengstacken is in a position which entitles him to file a disclaimer without accompanying same with an answer to the bill.

The bill sets out that the complainant is the owner and entitled to the possession of certain real property, situated in Coos county, Or., describing it by legal subdivisions; that the lands are unoccupied; that the defendants, including Sengstacken, have confederated together with the false and fraudulent purpose of asserting and claiming an interest and estate in said property adverse to the legal and equitable title as vested in the complainant; that, in pursuance of said false and fraudulent purpose, the defendants M. J. McDonald and Alice McDonald have executed, at the instance of Sengstacken, and delivered to him, a power of attorney authorizing and empowering him to employ attorneys to prosecute a claim on the part of the defendant M. J. McDonald, to the effect that he has an interest or estate in said lands adverse to the complainant, and to record said power of attorney in the records of Coos county, Or.; that, in pursuance of such conspiracy, Sengstacken has executed, and caused to be recorded in the record of deeds for Coos county, Or., a false and fraudulent and pretended claim that the said deed of July 24, 1889, under which the complainant claims title, was a mortgage to secure the payment of a sum of money pretended to have been loaned by J. M. McDonald, now deceased, to said M. J. McDonald, and which said defendants in said document allege has since been paid, which document constitutes the claim of an interest or estate in said property adverse to the complainant, and is false and untrue (the document being set out in hæc verba); and that complainant has no plain, adequate, or speedy remedy at law. The prayer is that defendants, and each of them, be restrained from conveying or further incumbering said property; that the power of attorney to Sengstacken be canceled and annulled; that the instrument by which it is claimed that the deed under which complainant holds is a mortgage be also canceled and annulled; that the defendants, and each of them, be decreed to be without right, title, or interest of any kind in the property described; that the title in complainant be quieted; and that such other and further relief be granted as may seem meet in equity.

Sengstacken, without answering to the merits, simply disclaims all right, title, and interest in or to the lands described, and every part thereof, and offers to execute and deliver to complainant a quitclaim deed of whatsoever right, title, or interest he may have in said premises.

One of the specific objections made to this form of disclaimer is that it is not accompanied with an answer to the bill.

It is said that a disclaimer cannot often be put in alone, for, if the defendant has had an interest in the property and has parted with it, he may be required to answer at least sufficiently to ascertain whether that is a fact or not. Bates on Federal Equity Procedure, § 305. It is also declared by the same author (section 306) that:

"While a defendant can disclaim an interest, he cannot disclaim a liability."

And, further:

"A defendant who has improperly interfered with a plaintiff's rights, so as to render a suit necessary for the protection of those rights, may be compelled to answer the whole bill and have the costs decreed against him, notwithstanding his disclaimer."

The suit in question is essentially one for the removal of a cloud and for quieting the title to the premises described. Ordinarily, no one excepting such as claim an interest in the property itself can properly be made a party, or be required to answer concerning the allegations of the bill. But in the present suit Sengstacken is charged with having conspired and confederated with the other defendants for the purpose of creating the very cloud which it is now sought to remove, and which stands in the way of quieting the title in the complainant. As to this, at least, it would seem that Sengstacken should be required to answer the bill, so as to determine the fact as to the alleged conspiracy to defraud.

In view of the authority cited and of these allegations, the motion should be allowed and the disclaimer stricken. Such will be the order of the court.